## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| AMY S. RADFORD and<br>DERON J. PARKER,<br><div align="right">Plaintiffs,</div><br>v.<br><br>JPMORGAN CHASE BANK, N.A., and<br>CHASE  HOME FINANCE, LLC,<br><div align="right">Defendants.</div> | Civil No. 10-2942 (JRT/JSM)<br><br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION<br>OF MAGISTRATE JUDGE<br>GRANTING DEFENDANTS'<br>MOTION FOR<br>SUMMARY JUDGMENT** |

Amy S. Radford and Deron J. Parker, 3537 Lyndale Avenue North. Minneapolis, MN 55412, plaintiffs *pro se.*

Benjamin P. Freedland, Aleava Rael Sayre, Calvin P. Hoffman**,** and Marc D. Simpson, **LEONARD STREET AND DEINARD, PA**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for defendants.

This action revolves around an alleged violation of the Real Estate Settlement Procedures Act ("RESPA") and the claim that a prospective foreclosure violates the Constitution.  Before the Court are plaintiffs Amy S. Radford and Deron J. Parker's objections to a Report and Recommendation ("R&R") of the Magistrate Judge, which recommended granting summary judgment on all claims for defendants JPMorgan Chase Bank, N.A. and Chase Home Finance, LLC (collectively "Chase").  (R&R, June 7, 2012, Docket No. 29.)  The Court has construed plaintiffs' pro se filings liberally, and reviewed *de novo* those portions of the R&R to which they object.  *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2.  Because plaintiffs have raised no genuine issue of material fact as to

any of their claims, the Court will adopt the R&R and grant Chase's motion for summary judgment.

## BACKGROUND[1]

Plaintiffs executed a note on July 8, 2005 secured by a mortgage on a property at 3537 Lyndale Avenue North, Minneapolis, MN.  (Aff. of Stacey Smith, Sept. 1, 2011, Exs. A, B, Docket No. 23.)  Chase has since acquired the Note and Mortgage (*id.*, Ex. E), and plaintiffs have been in default on the Note obligation since September 2007 (*id.*, ¶ 4 & Ex. C).  In September 2009, Chase informed plaintiffs of a foreclosure sale scheduled for December 1, 2009.  (*Id.*, Ex. K.)

Before the scheduled foreclosure, on October 14, 2009, plaintiffs sent Chase a Qualified Written Request ("QWR"), as authorized by the Real Estate Settlement Procedures Act ("RESPA").  (*Id.*, Ex. F.)  Chase responded, first sending Radford and Parker an acknowledgment.  (*Id.*, Ex. G.)  Chase also sent copies of the note, security instrument, HUD–1 settlement statement, truth-in-lending statement, loan application, appraisal, and loan transaction histories to Radford and Parker.  (*Id.*, Ex. I.)  Chase did not include information about the "owner or actual lender" of the mortgage, or identify the amount actually owing on the loan.  (*Id.*; Mem. in Supp. of Mot. for Summ. J. at 10, Sept. 1, 2011, Docket No. 22.)

Chase delayed the foreclosure sale until February 2, 2010, in order to respond to plaintiffs' QWR.  (Smith Aff., Ex. L.)  After several more delays of the foreclosure

---

[1] For a complete recitation of the facts, see R&R at 1-6.

proceedings, Chase cancelled the foreclosure sale in April 2010.  (*Id.*, ¶ 17, Ex. N.)

Several months after Chase cancelled the foreclosure, plaintiffs brought this action,

alleging RESPA violations stemming from Chase's allegedly deficient response to the

QWR, Fourth and Fifth amendment violations, and state law breach of contract and tort

claims.  (Compl. ¶¶ 7, 11, 12, 13, July 7, 2010, Docket No. 1.)

## ANALYSIS

### I.      STANDARD OF REVIEW

Summary judgment should be granted only when the defendant has shown that

"there is no genuine dispute as to any material fact" and the defendant is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect

the outcome of the suit, and a dispute is genuine if the evidence is such that it could

"reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986).  A court considering a motion for summary judgment must view

the facts in the light most favorable to the non-moving party and must give that party the

benefit of all reasonable inferences that can be drawn from those facts.  *See Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### II.     CHASE'S SUMMARY JUDGMENT MOTION

The Magistrate Judge recommended granting Chase's motion for summary

judgment.  Having carefully considered plaintiffs' objections, and reviewed *de novo*

those portions of the R&R to which they object, the Court concludes that summary

judgment is proper as to all claims.

### A.    RESPA Claim

Plaintiffs allege that Chase violated RESPA by failing to provide certain documents in response to their QWR.[2]  RESPA requires loan servicers to provide written responses to a QWR seeking "information relating to the servicing of [a] loan." *See* 12 U.S.C. § 2605(e)(1)(A).  The Magistrate Judge recommended dismissal of the RESPA claim because the documents plaintiffs claim they didn't receive do not relate to the servicing of a loan, and therefore Chase did not violate RESPA in failing to produce them.  (*See* R&R at 9-13.)  Summary judgment is also appropriate, the Magistrate Judge recommended, because plaintiffs have offered no evidence of actual damage caused by the alleged RESPA violation.  (*Id.* at 13.)

Plaintiffs appear to raise three objections.  First, plaintiffs reiterate that Chase did not identify the holder of the note in its response to their QWR.  Yet, as the Magistrate Judge explained, such requests do not relate to servicing the loan, and therefore need not be produced under RESPA.  *See, e.g.*, *Kelly v. Fairon & Assocs.*, 842 F. Supp. 2d 1157, 1157 (D. Minn. 2012).  Second, pointing to the alleged decrease in value of the Lyndale Avenue property, plaintiffs object to the suggestion that the claim fails for lack of evidence of actual damage.  Any loss in the value of the Lyndale Avenue property, however, does not stem from the allegedly defective response to the QWR, and is therefore irrelevant.  *See Hintz v. JPMorgan Chase Bank, N.A.*, Civ. No. 10-2825, 2011

---

[2] Specifically, plaintiffs allege that Chase's response was deficient because it failed to: (1) identify the owner and actual lender of the mortgage note, (2) provide plaintiffs with sufficient documents to audit the loan or validate the loan, and (3) identify the amount owing on the loan.

WL 579339, at *9 (D. Minn. Feb. 9, 2011) ("A RESPA plaintiff must plead and prove, as an element of the claim, that he or she suffered some actual damage **as a result of the alleged RESPA violation**.") (emphasis added).  Plaintiffs' final objection that they have never entered into a contract with Chase is overruled because the record is plain that Chase holds the Note and is thus entitled to enforce it.

The Court finds that summary judgment on plaintiffs' RESPA claims is warranted because Chase produced the documentation that RESPA requires, namely documentation relating to the servicing of a loan, *see, e.g.*, *Kelly*, 842 F. Supp. 2d at 1157, and because plaintiffs have proffered no evidence of actual damages stemming from the alleged RESPA violation, *see id.*; *Hintz*, 2011 WL 579339, at *9.  The RESPA claim will be dismissed with prejudice.

### B.      Fourth and Fifth Amendment Claims

The Magistrate Judge recommended that plaintiffs' Fourth and Fifth Amendment claims be dismissed because the complaint does not allege that defendants were state actors or that a state actor was involved in the foreclosure process.  (R&R at 16.)  Private parties acting on their own behalf do not violate the Constitution.  *See, e.g.*, *Pub. Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952); *United States v. Miller*, 152 F.3d 813, 815 (8th Cir. 1998).  The Court finds no indication – in plaintiffs' objection or elsewhere in the record – of a state actor's involvement in the foreclosure process.  Nor is there any indication that Chase's conduct may be considered state action because plaintiffs have offered no evidence suggestive of a close nexus between the state and the challenged

action.  *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001).[3]  Therefore, the constitutional claims must be dismissed.

### C.      Breach of Contract and Intentional Infliction of Emotional Distress Claims

Having dismissed the claims conferring federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law breach of contract and emotional distress claims.  *See* 28 U.S.C. § 1367(c)(3); *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004).  Those claims will be dismissed without prejudice.


## ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** the objections of Radford and Parker [Docket No. 30] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated June 7, 2012 [Docket No. 29].  **IT IS HEREBY ORDERED** that:

1.      Defendants' Motion for Summary Judgment [Docket No. 20] is **GRANTED**.

2.      The RESPA and Fourth and Fifth Amendment claims in Plaintiffs' Complaint [Docket No. 1] are **DISMISSED WITH PREJUDICE**.

---

[3] As the Magistrate Judge observed, that the Hennepin County Sheriff's office served the notices of foreclosure does not transform Chase into a state actor.  *See Scanlon v. Nw. Mortg., Inc.*, 2012 WL 2885131 at *5 (D. Minn. July 13, 2012) (holding that Wells Fargo and a sheriff are not "engaged in joint action" merely because the sheriff administered a foreclosure sale.)

3.    The breach of contract and emotional distress claims in Plaintiff's Complaint [Docket No. 1] are **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 4, 2012
at Minneapolis, Minnesota.

                              s/ John R. Tunheim
                               JOHN R. TUNHEIM
                         United States District Judge